UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CAROLYN FABIAN STUMPH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00048-HAB-SLC |
| | ) | |
| **TRUSTEES OF PURDUE UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a joint motion for entry of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c), seeking the Court's approval of a proposed agreed protective order submitted by the parties on January 8, 2021 (the "Proposed Order"). (ECF 21). Because the Proposed Order is deficient in various ways, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because paragraph 19 of the Proposed Order contemplates sealed proceedings, the Proposed Order requires a higher level of scrutiny.

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the Proposed Order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it defines "Confidential Information" as: "[I]nformation that is of a proprietary, business, or personal nature and not readily available to the public . . . including non-public personnel information regarding particular Purdue employees that would not be subject to disclosure in relation to a public records request under Indiana public records law." (Proposed Order ¶ 1). Generic terms such as "confidential," "proprietary," and the like are far afield from a narrowly demarcated category. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). And while the proposed definition of "Confidential Information" eventually gets more specific as to certain personnel information, that category is prefaced by the word "including" rather than seeking to solely protect that limited category. (Proposed Order ¶ 1).

More particularly with respect to Plaintiff's personnel information, while the parties may desire to keep that information out of the public record, Plaintiff and Defendant "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under

2

a contract, . . . when these things are vital to claims made in litigation, they must be revealed." *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

      Another problem is that the Proposed Order incorporates certain "fudge" phrases—"is believed in good faith" and "in good faith believes contains"—in connection with the definition of, and the designation of materials as, "Confidential Information."  (Proposed Order ¶¶ 1, 3). This compounds the overly-broad definition of the term.  *See Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

      Yet, another deficiency is that the Proposed Order lacks a method for redaction, so that documents merely containing some Confidential Information are not filed entirely under seal. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  Furthermore, Paragraph 19 of the Proposed Order—which provides that the Court will seal its proceedings when any Confidential Information is discussed—is unacceptable.  The Court is unwilling to agree in the hypothetical to conduct any sealed proceedings.

Still more, Paragraph 20, which contemplates the return or destruction of Confidential Information after the termination of the litigation, needs to make clear that this provision does not apply to the Court. Any filings made on the record, whether under seal or otherwise, will not be returned or destroyed at the request of the parties.

Finally, there are also two problems with paragraph 23 of the Proposed Order. First, this paragraph states that "any aggrieved party may immediately apply *and obtain* injunctive relief" against a person who violates or threatens to violate the Order. (Emphasis added). While a party is free to immediately apply for injunctive relief, the Court will not agree in the hypothetical that it will impose injunctive relief. Second, this paragraph states that the Court will retain jurisdiction over the protective order following termination of this litigation. The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For all of these reasons, the Court DENIES without prejudice the joint motion for entry of stipulated protective order. (ECF 21). The parties may submit a motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 19th day of January 2021.

4

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

5